IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MIYOKO MIZUNO,<br><br>  Plaintiff,<br><br>  vs.<br><br>WYNDHAM DESTINATIONS, INC.,<br><br>  Defendant. | CIVIL NO. 21-00391-WRP<br><br>REQUEST FOR REASSIGNMENT;<br>FINDINGS AND<br>RECOMMENDATION THAT THE<br>DISTRICT COURT GRANT<br>PLAINTIFF'S APPLICATION TO<br>PROCEED WITHOUT PREPAYING<br>FEES; DISMISS THE COMPLAINT<br>WITHOUT PREJUDICE; AND DENY<br>PLAINTIFF'S REQUEST FOR<br>APPOINTMENT OF COUNSEL |

REQUEST FOR REASSIGNMENT; FINDINGS AND RECOMMENDATION
THAT THE DISTRICT COURT GRANT PLAINTIFF'S APPLICATION
TO PROCEED WITHOUT PREPAYING FEES; DISMISS THE COMPLAINT
WITHOUT PREJUDICE; AND DENY PLAINTIFF'S REQUEST FOR
APPOINTEMENT OF COUNSEL

Plaintiff filed a Complaint on September 16, 2021, against her former employer, Wyndham Destinations, Inc. See ECF No. 1. Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Application), see ECF No. 3, and a Request for Appointment of Counsel (Request), see ECF No. 4. Not all named parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c), so the Court instructs the Clerk of Court to reassign this case to a district judge. See Williams v. King, 875 F.3d 500, 503–04 (9th Cir. 2017). After careful consideration of the Complaint, Application, and Request, the Court FINDS AND RECOMMENDS that the

district court GRANT Plaintiff's Application but DISMISS the Complaint without prejudice and DENY the Request for Appointment of Counsel.

## DISCUSSION

### I. The Court RECOMMENDS that the District Court GRANT Plaintiff's Application

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. See 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948)). Plaintiff's Application states that she receives $794 per month in Supplemental Security Income. See ECF No. 3 at 1. Based on the information provided in Plaintiff's Application, specifically this reported income and her reported expenses and debts, the Court finds that Plaintiff has demonstrated that she is unable to pay court fees at this time and therefore RECOMMENDS that the District Court GRANT Plaintiff's Application.

### II. The Court RECOMMENDS that the District Court DISMISS Plaintiff's Complaint WITHOUT PREJUDICE

The court must subject each action commenced under 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

The Court takes judicial notice of the fact that the allegations in this case are similar to those in a companion case that Plaintiff filed one week prior to filing the present action. See Mizuno v. Wyndham Vacation Ownership, Inc., Case 1:21-cv-00379-JAO-KJM (First Action). In the First Action, Plaintiff has paid the filing fee and is represented by counsel. See id. Both the First Action and the present action are based on Plaintiff's allegations that her employer did not provide reasonable accommodations, exacerbating her injuries from a car accident and causing her to take medical leave, and then terminated her before her return-to-work date because of her disability and in retaliation for complaining about its unlawful practices. See First Action, ECF No. 1; ECF No. 1. Both the First

Action and present action also allege that her employer improperly retained her personal possessions.  See id.  In the First Action, Plaintiff brings the following claims against Wyndham Vacation Ownership: (1) Disability Discrimination under the Americans with Disabilities Act; (2) violation of the Whistleblower's Protection Act, H.R.S § 378-62; and (3) Conversion.  See First Action, ECF No. 1.  She appears to bring the same claims against Wyndham Destinations here.  See ECF No. 1.

    Duplicative litigation by a plaintiff proceeding in forma pauperis may be dismissed as malicious under 28 U.S.C. § 1915(e).  See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that repetitious litigation of virtually identical causes of action is subject to dismissal as malicious)); Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993) (holding that it is malicious for a "pauper" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff); see also Fulkerson v. Pub. Utilities Comm'n of Nevada, 2020 WL 1696087, at *2 (D. Nev. Mar. 23, 2020), report and recommendation adopted, 2020 WL 1694776 (D. Nev. Apr. 7, 2020) (dismissing duplicative complaint as malicious); see also Heilman v. Whitten, 2017 WL 2633385, at *2 (E.D. Cal. June 19, 2017) ("the federal courts have uniformly agreed that, at a minimum, a

4

malicious lawsuit is one that is duplicative of another pending federal lawsuit involving the same plaintiff").

In determining whether a later-filed action is duplicative, the court examines "whether the causes of action and relief sought, as well as the parties or privities to the action, are the same." Adams v. California, 487 F.3d 684, 689 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008); see also Bailey, 846 F.2d at 1021 (a case is duplicative if it involves "the same series of events" and allegations "of many of the same facts as an earlier suit"). Here, as noted above, the present action and the First Action rely on the same factual bases and evidence, allege the same claims, and share a common transactional nucleus of facts. See Adams, 487 F.3d at 689-91; see also Murillo v. Taylor, 2015 WL 4488060, at *17 (S.D. Cal. July 22, 2015).

The actions can also be deemed duplicative even though Plaintiff has named different corporate entities as defendants. See Exmundo v. Drew, 2011 WL 6752546, at *1 (E.D. Cal. Dec. 22, 2011) ("Repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, is subject to dismissal as duplicative."); see also Adams, 487 F.3d at 691-92 (privity can exist to render actions duplicative where parties share similar interests and there is adequate representation by the named party). Plaintiff contends each named

5

defendant was her employer and responsible for the discriminatory and retaliatory conduct. In addition, Plaintiff's filings indicate shared interests between the two named defendants. See ECF No. 4 at 4 ("I worked at Wyndham Destinations Inc. that separated from Wyndham Vacation Ownership on 6/5/2018."); see also id. (indicating the Respondent employer relied on a code of conduct and employee handbook from Wyndham Vacation Ownership in the EEOC proceedings). In addition, the First Action alleges that Plaintiff's Charge of Discrimination filed with the EEOC was assigned case number 486-2020-00358, see First Action, ECF No. 1, ¶ 6, which is the same EEOC case number Plaintiff references in the present action, see ECF No. 1-12 at 5.

For these reasons, the Court RECOMMENDS that Plaintiff's Complaint be DISMISSED because "[d]ismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." Adams, 487 F.3d at 688, 692–94 (citation omitted).[1] The Court further RECOMMENDS that, in the

---

[1] In the present action, Plaintiff does make a cursory reference to age and gender discrimination, which were not specifically alleged in the First Action. See ECF No. 1 at 3. The Court nonetheless RECOMMENDS that any such claims either under Title VII or the Age Discrimination in Employment Act still be dismissed because they appear to arise from the same series of events raised in the First Action and could have been raised in the First Action. In any event, these cursory references to age and gender discrimination fail to sufficiently allege a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

interest of judicial economy, Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE to Plaintiff prosecuting the First Action, including any assertions therein of any of the claims in the present action. See Pittman, 980 F.2d at 995; Adams, 487 F.3d at 692 (noting district court has discretion to dismiss later-filed duplicative complaint with or without prejudice).

### III.  The Court RECOMMENDS that the District Court DENY Plaintiff's Request for Appointment of Counsel

Finally, the Court RECOMMENDS that Plaintiff's Request for Appointment of Counsel be DENIED.  Plaintiff requests counsel pursuant to 42 U.S.C. § 2000e-5(f), which authorizes courts to appoint counsel to represent plaintiffs who are pursuing claims of employment discrimination based on race, color, religion, sex, or national origin.  Even assuming Plaintiff has stated a qualifying claim, or to the extent Plaintiff is alternatively requesting that the Court appoint counsel based on her financial situation under 28 U.S.C. § 1915(e)(1), the Court RECOMMENDS that any such request be DENIED.

---

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  [A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Further, Plaintiff's minimal allegations regarding exhaustion do not indicate that she has exhausted her administrative remedies as to claims based on gender or age discrimination, see ECF No. 1 at 2; see also 29 U.S.C. § 626(d)(1); 42 U.S.C. § 2000e-5(e)–(f); Forester v. Chertoff, 500 F.3d 920, 924 (9th Cir. 2007); Fort Bend Cty., Texas v. Davis, 139 S. Ct. 1843, 1851-52 (2019).

In an employment discrimination case, "[t]he decision to appoint counsel is left to the sound discretion of the district court." Johnson v. U.S. Treasury Dep't, 27 F.3d 415, 416 (9th Cir. 1994) (citations omitted). The court should consider the following three factors in determining whether to appoint counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." Id. at 416-17 (citations omitted). Similarly, appointment of counsel under § 1915(e)(1) is only appropriate under "exceptional circumstances," taking into account the "likelihood of success on the merits" and the "ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citations and quotations omitted). Plaintiff's Request does not indicate that she has contacted anyone regarding securing counsel in this action. See ECF No. 4 at 5. Given Plaintiff has secured counsel to litigate the First Action to articulate most, if not all, of the claims she seeks to press here, and that such counsel could seek to amend the pleadings in the First Action to add any additional claims, the Court RECOMMENDS that Plaintiff's Request for Appointment of Counsel be DENIED at this time.

In connection with this Request for Appointment of Counsel, Plaintiff

has also requested the Court provide her with a Japanese-English interpreter. See ECF No. 4-1. Because Plaintiff has not provided any authority to support this request, and because there are no pressing hearings before the Court, the Court RECOMMENDS that Plaintiff's request for an interpreter be DENIED at this time. See, e.g., Gonzalez v. Bopari, 2012 WL 6569776, at *1 (E.D. Cal. Dec. 17, 2012) ("The Court is unaware of any statute authorizing the expenditure of public funds for a court-appointed interpreter in a civil action. The in forma pauperis statute does not authorize the expenditure of public funds for court-appointed interpreters.").

## CONCLUSION

Because full consent of the parties is lacking under 28 U.S.C. § 636(c), the Clerk of Court is directed to REASSIGN this case to a district judge. The Court FINDS AND RECOMMENDS that the district court:

1) GRANT Plaintiff's Application to Proceed Without Prepayment of Fees;

2) DISMISS Plaintiff's Complaint WITHOUT PREJUDICE to Plaintiff litigating the First Action, Mizuno v. Wyndham Vacation Ownership, Inc., 21-cv-00379-JAO-KJM;

3) DENY Plaintiff's Request for Appointment of Counsel and

9

accompanying request for an interpreter; and

        4) INSTRUCT Plaintiff to provide a copy of the district court's adoption of any of these Findings and Recommendations to her counsel in the First Action.

        IT IS SO FOUND AND RECOMMENDED.

        DATED AT HONOLULU, HAWAII, SEPTEMBER 28, 2021.



Wes Reber Porter
United States Magistrate Judge

**MIZUNO v. WYNDHAM DESTINATIONS, INC.; CIVIL NO. 21-00391-WRP; REQUEST FOR REASSIGNMENT; FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES; DISMISS THE COMPLAINT WITHOUT PREJUDICE; AND DENY PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**